IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CARMEN REANO and                    CASE NO.:  0:14-cv-60581-JIC
SANTIAGO REANO

    Plaintiffs,
vs.

WELLS FARGO BANK, N.A. d/b/a  AMERICA'S SERVICING COMPANY
A Foreign Corporation,

_____/

### PLAINTIFFS' RESPONSE IN PARTIAL OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR ALTERNATIVE MOTION TO STAY (D.E. 17)

Plaintiffs Carmen Reano and Santiago Reano, by and through undersigned counsel, hereby serve their Response in Partial Opposition To Defendant Wells Fargo Bank, N.A. d/b/a America's Servicing Company's Motion to Dismiss or Alternatively to Stay (D.E. 17).  Because Plaintiff's have amended their complaint, they submit that the motion to dismiss should be denied as moot. However, Plaintiffs actually join in Defendant's alternative request for a stay, albeit on entirely different grounds.

### I. BECAUSE PLAINTIFFS HAVE AMENDED THEIR COMPLAINT, DEFENDANT'S MOTION TO DISMISS IS NOW MOOT

Simultaneously with the filing of this Opposition, Plaintiffs exercise their option under Federal Rule of Civil Procedure 15(a)(1) to amend their Complaint once as a matter of course. In doing so, Plaintiffs do not acknowledge any pleading deficiency in their original complaint. To the contrary, Plaintiffs amend now in order to raise additional claims that either accrued or became apparent since the original Complaint was filed.  Accordingly, Plaintiffs respectfully submit that Defendant's Motion to Dismiss (D.E. 17), should be denied as moot.

1

## II.  PLAINTIFFS JOIN DEFENDANTS' REQUEST FOR A STAY, BUT DO SO ON DIFFERENT GROUNDS

Defendant asks the Court to apply the *Colorado River* abstention doctrine and either dismiss or stay this case.  Plaintiffs do not agree that the threshold requirements for *Colorado River* abstention are present because that would require substantial similarity between the parties and the issues presented in any parallel state court proceedings. *See E.g. Hamilton v. Suntrust Mortgage Inc.*  2014 WL 1285859 *4  (S.D. Fla., March 25, 2014 )(Docket Number. 13–60749–CIV) citing *Acosta v. James A. Gustino, P.A.,* 478 Fed.Appx. 620, 622 (11th Cir.2012)  Here however, there are material differences between *both* the parties and the issues presented in this case and in the state court foreclosure litigation.  Regardless, even if the threshold *Colorado River* requirements were met, the required analysis would not justify the application of this extremely limited abstention doctrine to the case at bar.

Nevertheless, Plaintiffs do agree that practical considerations justify a stay in this case. Although the parties and issues are not sufficiently similar for the application of the narrow *Colorado River* abstention doctrine, this case is related to the state court foreclosure litigation and the outcome of the pending appeal in that matter will impact this case.  In fact, the extent of Plaintiffs' actual damages will be directly influenced by the ultimate disposition of the pending appeal from the state court judgment.   Because some of the acts and omissions that give rise to Plaintiff's negligence claims occurred nearly four years before the Complaint was filed, Plaintiffs could not have waited until the appeal was decided before bringing this suit. If they had, some of their claims in this action would likely have been time barred.

While Plaintiffs acknowledge that there is a practical connection between this case and the state court foreclosure litigation, they certainly do not concede that Defendant's res judicata argument has merit.  For purposes of background, Plaintiffs briefly address Defendant's res

judicata argument below. If the Court declines to stay this case and Defendant raises that argument in response to the Amended Complaint, Plaintiffs will address that argument in more detail in their opposition to the future motion.

Simply put, the two cases present material differences both in the parties involved and in the issues that were presented and decided in the state court case and those presented in the case at bar. The state court foreclosure presented a controversy between a mortgage investor and a borrower involving whether the foreclosure plaintiff had standing, whether the foreclosure plaintiff complied with contractual conditions precedent, and whether the borrower had performed its payment obligations. Conversely, this action involves a federally regulated mortgage servicer that was not a party to the foreclosure action and is governed by a federal scheme that does not apply to the foreclosure plaintiff in the state court action. In fact, the amended complaint contains claims based on federal regulations that did not even exist until less than a month before the foreclosure trial.

Furthermore, the case at bar also involves different facts from those that give rise to the state court judgment. As set forth in the now operative Amended Complaint, the issues in this case revolve around Defendant's negligent handling, or alternatively its conversion, of funds that Plaintiffs submitted to Defendant in its capacity as the mortgage servicer for the investors that own their mortgage loan. Plaintiffs sent these funds to Defendant in March of 2010. However, the state court foreclosure judgment finds that the borrower plaintiffs in this action owe interest from the month of November, 2009. A copy of the state court judgment is incorporated into Plaintiffs' Amended Complaint. In other words, the state court found that Plaintiffs in this case still owe the foreclosure plaintiff monies that the Defendant mortgage servicer in this case admits its received. The state court did not make any express or implied findings that this debt is *not*

the result of wrongful conduct by the Defendant mortgage servicer who was not even a party in the state court foreclosure.

While Plaintiffs do not believe that there is an adequate basis for the state court foreclosure judgment, it is clear from the face of that document that the state court did not consider the impact of any payments made in 2010.  Rather, the foreclosure judgment is necessarily based on a finding that the borrowers failed to pay the November payment.  The borrower Plaintiffs in this case dispute that conclusion and have challenged that judgment through an appeal.  Nevertheless, the issues surrounding the March 8th, 2010 payment were not actually adjudicated by the state court therefore and cannot give rise to a res judicata defense to the claims presented here.

Plaintiffs also incorporate a copy of Defendant's response to their Qualified Written Request/Notice of Error sent under the Real Estate Settlement Procedures Act where Defendant acknowledges receiving the March 2010 payment, but asserts it was not obligated to credit that payment to the Plaintiff/borrowers account.  One of the major issues in this case is whether, under the applicable federal regulations governing mortgage servicers, Defendant was permitted to fail to credit the funds paid on March 8th, 2010.  This issue was not litigated in the state court foreclosure Nor could it have been litigated in that action. The foreclosure plaintiff is not a mortgage servicer and therefore is not governed by federal regulations relating to mortgage servicers. Moreover, the Defendant mortgage servicer in this case was not a party to the state court foreclosure litigation.  As Florida's 4th District Court of Appeal recently recognized in the context of a mortgage foreclosure brought by an investor/plaintiff that employed a non-party mortgage servicer, the state court could not adjudicate the non-party mortgage servicer's rights.

4

*See Deutsche Bank National Trust Co. v. Huber*, 2014 WL 1612460 *2  --- So.3d--- (Fla. 4th, DCA, 2014).[1]

Defendant attaches a copy of the state court trial transcript to its motion to dismiss or alternatively to stay. (D.E. 19-3). Interestingly, an employee of the Defendant in this action was the only witness who testified at that trial on behalf of either party. That witness testified that the March 8th, 2010 payment brought the loan current "…all the way to April 2010." (D.E. 19-3, p. 11 lines 10-15).  However, the state court judgment finds that the borrowers were obligated to pay interest on all amounts due since November of 2009 -- well before the date suggested by the witness in the foreclosure action. It is therefore apparent that the state court rejected both parties' arguments and entered judgment based on the state of the mortgage loan account as of November 1st 2009.  If the state court had considered the March 2010 payment, it certainly could not have found that the borrowers owed interest on funds that they had already paid.  Thus, while the parties presented evidence concerning the March 8th 2010 payment, the state court clearly chose to decide the controversy before it on narrower grounds.  Accordingly, the state court judgment does not address the March 8th, 2010 payment at issue in this case.   Plaintiffs submit that res judicata preclude issues that the prior court declined to adjudicate.  This is particularly clear here where it is undisputed that the March 8th, 2010 payment was received and negotiated by Defendant, yet it was not accounted for in the state court judgment.

While Plaintiffs submit that this is the only way to read the state court judgment, Plaintiffs believe the state court erred and their pending appeal is exceptionally strong.  If the state appellate court reverses the foreclosure judgment, that would dispose of Defendant's res judicata argument entirely.

---

[1] Per the 4th District Court of Appeals' on-line docket the mandate in *Huber* was issued on May 23rd, 2014, the date of this paper.

As the United States Supreme Court observed in *Landis v. North American, Co.* 299 U.S. 248, 254 ; 57 S.Ct 163, 166 ; 81 L.Ed 153, (1936) "… the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Because the pending state court appeal will have a strong impact on the extent of Plaintiffs actual damages and potentially eliminate Defendant's res judicata argument, Plaintiffs submit that this case presents an appropriate situation for the Court to exercise its discretion to stay this litigation until the appeal from the foreclosure judgment is resolved.

## CONCLUSION

In light of the foregoing,  Plaintiffs Carmen Reano and Santiago Reano respectfully request that this Honorable Court deny Plaintiff's Motion to Dismiss the Complain (D.E. 17) as moot, but stay this action pending the resolution of the appeal in the state court mortgage foreclosure.

Respectfully Submitted,

**THE LAW OFFICES OF JEFFREY N. GOLANT, P.A.**

1000 W. McNAB RD. STE. 150
POMPANO BEACH, FL 33069
Phone:  (954) 942-5270
Fax:     (954) 942-5272
Email:   jgolant@jeffreygolantlaw.com
By: **/S/ JEFFREY N. GOLANT ESQ.**
Fla. Bar. No. 0707732
Co-Counsel for Plaintiffs Carmen and Santiago Reano

**LEGAL AID SERVICE OF BROWARD COUNTY, Inc**.
491 N. State Road 7

Plantation, FL. 33317
**Jennifer T. Harley ESQ.**
jharley@legalaid.org
Fla. Bar No. 962821

**Colette Kienle ESQ.**
ckienle@legalaid.org
Fla. Bar No. 37108
Co-Counsel for Plaintiffs Carmen and Santiago Reano