UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-60581-CIV-COHN/SELTZER

CARMEN REANO and
SANTIAGO REANO,

    Plaintiffs,

v.

WELLS FARGO BANK, N.A.,
d/b/a America's Servicing Company,

    Defendant.
_____/

## ORDER DISMISSING CASE FOR LACK OF JURISDICTION

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Plaintiffs' Amended Complaint, or in the Alternative, Motion to Stay [DE 39] ("Motion"). The Court has carefully reviewed the Motion and all related filings and is otherwise fully advised in the premises.

**I.      Background**

On March 5, 2014, Plaintiffs Carmen and Santiago Reano filed this action against Defendant Wells Fargo Bank, N.A., d/b/a America's Servicing Company, the servicer of Plaintiffs' home-mortgage loan. See DE 1 (Compl.). In their current Amended Complaint [DE 21], Plaintiffs allege that Defendant wrongfully refused to credit certain payments toward Plaintiffs' delinquent mortgage account. As a result, Plaintiffs claim, the owner of the mortgage loan brought a foreclosure action against them in state court and obtained a final judgment of foreclosure. Plaintiffs contend that they incurred damages from the foreclosure suit and from the increased amounts they owe under the state court's judgment.

Defendant has moved to dismiss the Amended Complaint or, alternatively, to stay this action until Plaintiffs' pending appeal of the foreclosure judgment is resolved. In support of dismissal, Defendant argues that (1) Plaintiffs' claims are barred by res judicata and collateral estoppel, and (2) Plaintiffs have stated no valid claim for relief. See DE 39; DE 48 (Reply).  Plaintiffs oppose the Motion and contest Defendant's arguments for dismissal.  See DE 42 (Response).

For the reasons discussed herein, the Court concludes that it lacks subject-matter jurisdiction over this action.  The Court will therefore limit its discussion to the jurisdictional issue and will not address the parties' contentions regarding the Motion.

## II.     Discussion

Before it may consider the merits of this case, the Court must determine whether subject-matter jurisdiction exists.  See Wernick v. Matthews, 524 F.2d 543, 545 (5th Cir. 1975) ("[W]e are not free to disregard the jurisdictional issue, for without jurisdiction we are powerless to consider the merits.  If we lack jurisdiction, it is our duty to notice that fact sua sponte.");[1] see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Subject-matter jurisdiction "involves the court's competency to consider a given type of case," so it "cannot be waived or otherwise conferred upon the court by the parties." Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1000 (11th Cir. 1982).

Under the Rooker–Feldman doctrine, a federal district court generally lacks jurisdiction to review final judgments of a state court.  See D.C. Court of Appeals v.

---

[1] Decisions of the former Fifth Circuit issued before October 1, 1981, are binding precedent in the Eleventh Circuit.  See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923). Rooker–Feldman applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The doctrine bars claims "that were actually raised in the state court and those 'inextricably intertwined' with that state judgment." Figueroa v. MERSCORP, Inc., 766 F. Supp. 2d 1305, 1316 (S.D. Fla. 2011) (citing Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam)), aff'd, 477 F. App'x 558 (11th Cir. 2012) (per curiam). "A claim is inextricably intertwined if it would effectively nullify the state court judgment or [if] it succeeds only to the extent that the state court wrongly decided the issues." Casale, 558 F.3d at 1260 (citations & internal quotation marks omitted). Still, "the Rooker bar can apply only to issues that the plaintiff had a reasonable opportunity to raise" in state court. Wood v. Orange County, 715 F.2d 1543, 1547 (11th Cir. 1983).

Here, all of Plaintiffs' claims are based on Defendant's refusal to credit certain payments to Plaintiffs' defaulted mortgage account. According to Plaintiffs, this alleged unlawful conduct resulted in the mortgage owner filing the foreclosure action and obtaining a judgment against Plaintiffs. But as Defendant notes, Plaintiffs raised the account-credit issues in asserting a payment defense in the state foreclosure suit. And Plaintiffs have continued to rely on these issues in connection with their appeal of the foreclosure judgment. If successful, Plaintiffs' claims here would effectively nullify the state judgment, or would at least mean that the state court wrongly entered it. See Casale, 558 F.3d at 1260. The present claims are therefore inextricably intertwined with the state judgment, and the Court lacks jurisdiction to consider them.

### III. Conclusion

For the reasons discussed, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The above-styled action is **DISMISSED** for lack of subject-matter jurisdiction;

2. Defendant's Motion to Dismiss Plaintiffs' Amended Complaint, or in the Alternative, Motion to Stay [DE 39] is **DENIED AS MOOT**; and

3. The Clerk shall **CLOSE** this case and **DENY AS MOOT** all other pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 21st day of April, 2015.

*James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF